UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD TURNER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-2379-JDT-cgc |
| | ) | |
| SHELBY COUNTY JAIL, ET AL., | ) | |
| | ) | |
|    Defendants. | ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On May 21, 2020, Plaintiff Donald Turner, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. §1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on May 28, 2020, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the Shelby County Criminal Justice Center and Correctional Officers Ms. Lewis and Ms. Branch.

Turner alleges: "No wet floor sign and Ms. Lewis & Ms. Branch where [sic] working hall-way security turn key, when it happen around 6:00 pm June 22, 2018, 201 Poplar Ave north side of building. Ms. Branch walk off from accident check video f[il]m." (ECF No. 1 at PageID 3.) In a separate factual statement dated July 2018 and in a grievance he filed two days after the accident, Turner stated that he slipped and fell in water or other

liquid that was on the floor. (ECF No. 1-1 at PageID 4, 6.) There were no "caution" or wet floor signs in the area. (*Id*.) As a result of his fall, Turner alleged he injured his neck and lower back, causing him to lose function in his extremities. (*Id.* at PageID 6.) He asserted Defendants Lewis and Branch witnessed the accident and that Branch "walk[ed] off." (ECF No. 1 at PageID 3.) Turner contended the administration of the Shelby County Criminal Justice Center (Jail) created a hazardous environment and was grossly negligent in failing to ensure that necessary precautions, in the form of wet floor signs, were taken to protect him from harm. (ECF No. 1-1 at PageID 4, 6.)

Turner further alleged that unidentified "medical staff and administration" conspired to deny him adequate medical care. (*Id.* at PageID 4.) He was referred for treatment for his injuries but, as of the date of the July 2018 factual statement, allegedly had been given only placebos that did nothing to alleviate his "pain, swelling, and deformities." (*Id.* at PageID 6.)

Turner seeks $150,000 in damages.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556

2

U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Turner's claims against the Jail are treated as claims against Shelby County. A local government such as a municipality or county, however, "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable

under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)).  Turner does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

It appears that Turner may be attempting to assert a claim under the Eighth Amendment, which prohibits cruel and unusual punishments.  *See generally Wilson v. Seiter*, 501 U.S. 294 (1991).  This proscription on cruel and unusual punishment encompasses an inmate's right to personal safety. *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982).  An Eighth Amendment claim consists of both objective and subjective components.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834.

4

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The allegation that Turner was injured when he slipped and fell in liquid on the floor does not satisfy the objective component of an Eighth Amendment violation. As another district court in this circuit has explained:

> Federal courts have routinely held that wet and slippery prison floors, while potentially hazardous, do not amount to the denial of the minimal civilized measure of life's necessities. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that "slippery floors constitute a daily risk faced by members of the public at large" and do not amount to cruel and unusual punishment); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that wet prison floors did not create a sufficiently serious condition to violate the Eighth Amendment, and noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D. W. Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall).

*Stubl v. Baraga Maximum Corr. Facility*, No. 2:08-CV-10, 2008 WL 4813403, at *6 (W.D. Mich. Oct. 30, 2008) (report and recommendation adopted by the district court); *see also Mills v. C.C.A.*, No. 1:10-0015, 2010 WL 5155478, at *4 (M.D. Tenn. Dec. 14, 2010) ("Courts have regularly held that slip and fall accidents do not give rise to federal causes

of action.") (report and recommendation), *adopted*, 2011 WL 13552 (M.D. Tenn. Jan. 4, 2011).

The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38.

Turner alleges only that the Jail "administration" was grossly negligent because there were no wet floor signs in the area where he fell. Though Defendants Lewis and Branch allegedly witnessed the accident, Turner does not assert they knew the liquid was on the floor before his fall but did nothing. He also does not allege that either Defendant had sufficient time or was close enough to take action to prevent the accident from occurring. In addition, though Turner says Branch "walked off" from the accident, he does not contend that either Defendant was actually aware that he was injured at the time.

The Cruel and Unusual Punishments Clause of the Eighth Amendment also guarantees prisoners the right to adequate medical care. *Johnson v. Karnes*, 398 F.3d 868, 873-74 (6th Cir. 2005). In the context of the denial of medical care, the objective element under *Farmer* requires that a prisoner have a serious medical need. *Blackmore v.*

*Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks omitted).

To establish the subjective element of the claim, a prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards the risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id.* at 838.

Turner has not sued any medical provider at the Jail for any specific action or inaction. He refers only to "medical administration and staff." Thus he fails to state a claim for denial of proper medical care or for conspiracy to deny him medical care.[1]

---

[1] Even if Turner had named specific medical providers, his conclusory allegation of a conspiracy does not state a claim. The pleading standard for a claim of civil conspiracy is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "To prevail on such a claim, a plaintiff must show that there is 'an agreement between two or more persons to injure another by unlawful action.'" *Sango v. Place*, No. 16-2095, 2016 WL 9413659, at *2 (6th Cir. Dec. 21, 2016) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)). The plaintiff must show "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Id.* (quoting *Robertson*, 753 F.3d at 622). Here, Turner's bare suggestion of a conspiracy to deny him medical care does not meet these pleading requisites.

Finally, it appears that all of Turner's claims may be barred by the applicable statute of limitations. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). In this case, Turner's accident allegedly occurred on June 22, 2018. The complaint was filed, at the earliest, almost two years later on May 18, 2020, the date Turner signed the complaint.[2]

For all of the foregoing reasons, Turner's complaint is subject to dismissal for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

[2] Because the postmark on the envelope is not readable, the Court will presume Turner gave the complaint to Jail officials for mailing on the same day he signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (documents filed by prisoners are deemed filed when they are placed in the prison mail system).

Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Turner should be given an opportunity to file an amended complaint.

In conclusion, the Court DISMISSES Turner's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Turner is GRANTED leave to file an amended complaint. Any amendment must be filed **within 21 days, on or before September 30, 2019.**

Turner is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, must adequately identify all Defendants sued, and must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. If Turner fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE